**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1083
_____

STALIN EMILIO PEREZ,
                                    Petitioner
v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A041-422-709)
Immigration Judge: Honorable Andrew R. Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 18, 2010
Before:  SLOVITER, CHAGARES and WEIS, <u>Circuit</u> <u>Judges</u>
Opinion filed August 19, 2010

_____

OPINION
_____

PER CURIAM

        Stalin Emilio Perez petitions this Court for review of a final removal order

entered by the Board of Immigration Appeals ("BIA"), which affirmed a decision by the

Immigration Judge ("IJ") to reject Perez's claim that he has derivative United States

citizenship through his father. We too must reject Perez's claim to derivative citizenship, and we will deny his petition for review.

Perez is a native and citizen of the Dominican Republic, where he was born out of wedlock on September 4, 1981, to parents who were Dominican citizens. Perez and his mother entered the United States on June 4, 1988, as lawful permanent residents. In September 2008, the District Court for the Eastern District of Pennsylvania sentenced Perez to sixty months in prison following his plea of guilty to charges of conspiracy to distribute fifty grams or more of cocaine base, distribution of fifty grams or more of cocaine base, and distribution of cocaine. In 2009, the Department of Homeland Security ("DHS") served a Notice to Appear charging Perez as removable for having been convicted of a controlled-substance violation and aggravated felonies. See 8 U.S.C. §§ 1227(a)(2)(B)(I) and (iii). Perez conceded the allegations in the Notice to Appear but argued that he is not removable because he has derived United States citizenship from his father. In September 1984, about four years prior to Perez's arrival in this country, his father became a naturalized United States citizen.

DHS rejected Perez's application for citizenship, issuing a written explanation of the reasons for its decision. After a hearing at which Perez testified, the IJ agreed with DHS's analysis, holding that the evidence fails to establish a claim to derivative citizenship under former INA § 321(a), 8 U.S.C. § 1432(a). Further, the IJ sustained the charged grounds for removal, found that Perez was ineligible for relief, and

2

ordered removal to the Dominican Republic. The BIA summarily affirmed. Perez timely filed a petition for review in this Court.

We have jurisdiction to review a nationality claim, 8 U.S.C. § 1252(b)(5)(A), and because the facts underlying Perez's claim are not in dispute, we can decide his claim as a matter of law. See id. Where, as here, the BIA summarily affirms the IJ without issuing an opinion, we review the IJ's decision. See Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc). "We exercise plenary review over [a] derivative citizenship claim, as it presents a pure question of statutory interpretation." Jordon v. Att'y Gen., 424 F.3d 320, 328 (3d Cir. 2005). "The burden of proof of eligibility for citizenship is on the applicant," and "[a]ll doubts should be resolved in favor of the United States and against the claimant." Bagot v. Ashcroft, 398 F.3d 252, 256-57 (3d Cir. 2005) (quotation marks omitted).

Perez cannot seek derivative citizenship through his mother, who is not a United States citizen. With regard to his father, who is a naturalized citizen, there is no dispute that Perez's claim must be considered under former 8 U.S.C. § 1432(a)(3), the language of which, as relevant here, confers citizenship upon a child born outside the United States to alien parents upon "[t]he naturalization of the parent having *legal custody* of the child when there has been a *legal separation* of the parents[.]" 8 U.S.C. § 1432(a)(3) (emphases added); see also Morgan v. Att'y Gen., 432 F.3d 226, 228 (3d Cir. 2005) (explaining that under § 1432(a)(3) "a child born outside the United States

3

automatically acquires United States citizenship if, while the child is under the age of eighteen, the parent with legal custody of the child is naturalized while that child's parents are legally separated").

Perez's claim fails under § 1432(a)(3) for at least two independent reasons. First, his parents never married, and thus, as the IJ held, "that means [they] would not have been legally separated." A.R. at 7; see Barthelemy v. Ashcroft, 329 F.3d 1062, 1065 (9th Cir. 2003) (holding that alien "does not enjoy derivative citizenship under the first clause of § [1432](a)(3) because his natural parents never married and thus could not *legally* separate").[1] As we explained in Morgan, "a legal separation for purposes of § 1432(a) occurs only upon a formal governmental action, such as a decree issued by a court of competent jurisdiction that, under the laws of a state or nation having jurisdiction over the marriage, alters the marital relationship of the parties." 432 F.3d at 234. Perez has presented no evidence of a legal separation.

While Perez suggests that his parents may have had a "common law marriage" during their together in the Dominican Republic, Perez offers no evidence even arguably raising the possibility that he can prove the existence of such a marriage. Cf.

---

[1] See also Lewis v. Gonzales, 481 F.3d 125, 130 (2d Cir. 2007) (observing that "every other court confronted with the question has held that the first clause of § 1432(a)(3) requires a legal separation even if the child's parents never married. As strange as it may at first appear, this feature of the statute is a principled one. The governing principle ... is respect for the rights of an alien parent who may not wish his child to become a U.S. citizen.") (citations omitted)

4

A.R. at 55 (DHS interviewed Perez's father, who "confirmed that he was never married to [Perez's] mother"). In any event, even assuming a common law marriage (and also assuming, without deciding, that Perez did not waive this issue by failing to raise it at the agency level), there remains no evidence of a "legal separation," which is an express requirement for citizenship under § 1432(a)(3). See Morgan, 432 F.3d at 234; see also Jordon, 424 F.3d at 330 (explaining that "legal separation must occur prior to naturalization in order to satisfy the first clause of § 1432(a)(3)").

Second, Perez's father did not have "legal custody." See Bagot, 398 F.3d at 257 (explaining that § 1432(a)(3) requires parent to have legal custody at the time parent is naturalized). When his father was naturalized in 1984, Perez was in the custody of his mother in the Dominican Republic. He and his mother came to the United States almost four years later, and apparently did so without regard to the father's presence in this country.[2] Further, Perez's mother retained custody in this country, and his father confirmed that Perez "always lived with [his] mother," and "never lived with him." A.R. at 55.

On this record, the claim to derivative citizenship under § 1432(a)(3) is properly denied as a matter of law. See Jordon, 424 F.3d at 330. We recognize Perez's concern that his removal will visit a substantial hardship upon his young family, his

---

[2] According to Perez, his father "migrated to the United States in [the] mid[-19]70s." Petitioner's Br. at 5. By the time Perez arrived in 1988, his father "had started a new family of his own." Reply Br. at 3.

mother, and others. However, after a careful review of the record, we discern no error in the IJ's decision to order removal based on the grounds charged in the Notice to Appear – grounds that Perez expressly conceded and which are clearly substantiated by the record of his conviction for serious criminal offenses. While Perez suggests that it is "unconstitutional" for Congress to afford no relief from removal to a long-term permanent resident who claims that he and his family will suffer hardship, we must agree with respondent that "Congress has a rational basis for discouraging the retention of aliens who have committed serious crimes." Respondent's Br. at 17.

We have considered Perez's remaining contentions but find them without merit. For the foregoing reasons, we will deny the petition for review.